UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TIM ASHCRAFT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 4:12-cv-00151-TWP-TAB |
| AURORA CASKET COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Aurora Casket Company's ("Aurora") motion to dismiss the complaint of Plaintiff Tim Ashcraft ("Mr. Ashcraft") (Dkt. 6). For the reasons set forth below, the Court grants Aurora's motion to dismiss.

**I. BACKGROUND**

Mr. Ashcraft was employed by Aurora, a corporation located in Dearborn County, Indiana, from 1987 until his termination on September 4, 2012. The terms and conditions of his employment with Aurora were subject to a collective bargaining agreement ("CBA"). The CBA was the product of negotiations between Aurora and the unions of the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, and the Forgers and Helpers Local M-300.

While working for Aurora, Mr. Ashcraft was an active member of the Forgers and Helpers Local M-300 Union and served as president of his local chapter from 2008 to 2011. On November 14, 2012, shortly after his termination, Mr. Ashcraft filed an action against Aurora in the Circuit Court of Dearborn County, Indiana. His complaint alleges three causes of action: 1) Aurora wrongfully terminated Mr. Ashcraft in violation of the CBA; 2) Aurora harassed Mr. Ashcraft by making false accusations of faulty job performance and by placing plaintiff in job

postings in violation of the CBA; and 3) Aurora's actions were illegal retaliations against Mr. Ashcraft's union activity.

On December 7, 2012, Aurora removed Mr. Ashcraft's wrongful termination and harassment claims to this Court on the basis of "complete preemption" under section 301 of the Labor Management Relations Act ("LMRA").  29 U.S.C. § 185.  As for Mr. Ashcraft's retaliation claim, Aurora argued the claim arose from a common nucleus of operative facts surrounding the wrongful termination and harassment claims, thus giving the federal court supplemental jurisdiction over the claim.

Following removal of the action, Aurora filed a Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. 6).  Aurora argues Mr. Ashcraft's claims are exclusively within the jurisdiction of the National Labor Relations Board ("NLRB") and are preempted by the National Labor Relations Act ("NLRA"), 29 U.S.C.S. §§ 157 and 158 and, alternatively, Mr. Ashcraft has failed to state a claim upon which relief can be granted because his claims are preempted by section 301 of the LMRA.  Mr. Ashcraft has not responded to the Motion.

## II. LEGAL STANDARD

Aurora contends all of Mr. Ashcraft's claims should be dismissed under Rule 12(b)(1) because they fall within the primary and exclusive jurisdiction of the NLRB.  Under Rule 12(b)(1), a claim should be dismissed if the federal court lacks jurisdiction over the subject matter of the claim.  Fed. R. Civ. P. 12(b)(1).  "On a motion to dismiss for lack of subject matter jurisdiction, the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000).  The burden

of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). District courts are free to weigh the evidence to determine whether jurisdiction exists. *Id.* When a party moves for dismissal under Rule 12(b)(1), the non-moving party must support its allegations with competent proof of jurisdictional facts. *See Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

Aurora also argues Mr. Ashcraft's claims should be dismissed under Rule 12(b)(6) because they fail to state a claim upon which relief can be granted. When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### III. DISCUSSION

As an initial matter, the Court must first decide whether the wrongful termination and harassment claims set forth in Mr. Ashcraft's complaint are preempted by section 301 of the LMRA. If the state law claims are preempted, the action was properly removed to federal court.

The Supreme Court's holding in *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399 (1988) is instructive in determining whether section 301 preempts Mr. Ashcraft's state law claims. The court's ruling in *Lingle* is straightforward: "an application of state law is preempted by § 301 of the Labor Management Relations Act of 1947 only if such application requires the interpretation of a collective-bargaining agreement." *Id*. at 413. This straightforward approach reduces the possibility "that individual contract terms might have different meanings under state and federal law [which] would inevitably exert a disruptive influence" on the bargaining process. *Local 174, Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962).

Federal labor policy, however, "does not prevent states from providing workers with substantive rights independent of the collective bargaining relationship." *Douglas v. Am. Info. Techs. Corp.*, 877 F.2d 565, 569 (7th Cir. 1989) (citation omitted). "The mere fact that the state-law analysis might require the state court to focus on the same facts that would control resolution of an employee's contractual remedy is not enough to require preemption of the state-law claim." *Id*. at 570. Therefore, "[i]f adjudication of the state-law claim does not require a court to interpret any term of a collective bargaining agreement, then that state-law claim is not preempted by section 301." *Id*.

Mr. Ashcraft states in his complaint that he was "wrongfully terminated in contravention of the [CBA] . . . [and Aurora] harassed [him] by making false accusations of faulty job performance and by placing [him] in job postings in contravention of the [CBA]." Aurora argues Mr. Ashcraft's claims require the Court to interpret the CBA because Mr. Ashcraft specifically identifies and cites contravention of the CBA as the basis for his claims. The Court agrees that from the face of the complaint it appears adjudication of the Mr. Ashcraft's claims would require

an interpretation of the CBA, and Mr. Ashcraft offers no evidence to the contrary. Therefore, the Court finds Mr. Ashcraft's action was properly removed to federal court.

**A.     12(b)(1) Analysis**

Next, the Court must conduct an analysis to determine whether it lacks jurisdiction over the subject of Mr. Ashcraft's claim. Congress passed the NLRA in 1935 to govern relations between labor unions and employers whose operations affect interstate commerce. *See* 29 U.S.C. § 151 *et seq*. The NLRA guarantees the right of employees to organize and to bargain collectively with their employers or to refrain from all such activity. *Id*. Section 7 of the NLRA outlines the rights of employees:

> Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 8(a)(3).

29 U.S.C. § 157. Section 8(a) of the NLRA identifies unfair labor practices of employers. 29 U.S.C. § 158(a). Under section 8(a)(1), it is an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in [Section 7]." 29 U.S.C. § 158(a)(1). Under section 8(a)(3), it is an unfair labor practice for an employer "by discrimination in regard to hire or tenure of employment or any term or condition of employment, to encourage or discourage membership in any labor organization . . ." 29 U.S.C. § 158(a)(3).

Likewise, Congress created the NLRB to administer the NLRA. 29 U.S.C. § 153. The NLRB has exclusive jurisdiction to remedy unfair labor practices by employers and unions. *N.L.R.B. v. State of Ill. Dep't of Emp't Sec.*, 988 F.2d 735, 738 (7th Cir. 1993) (citation omitted).

"When an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." *San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 245 (1959).

Aurora contends that all of Mr. Ashcraft's claims—wrongful termination, harassment, retaliation—arise from his union activities, thus falling within the primary and exclusive jurisdiction of the NLRB. While the Court agrees Mr. Ashcraft's retaliation claim arises from his union activities as stated in his complaint, it disagrees with the contention that Mr. Ashcraft's wrongful termination and harassment claims arguably arise from union activities.

Aurora alleges that Mr. Ashcraft's claim for wrongful termination in contravention of the CBA essentially asserts Mr. Ashcraft was wrongfully terminated for being a union member. However, the complaint does not assert Mr. Ashcraft was wrongfully terminated for being a union member nor does Aurora offer any evidence to prove otherwise. Furthermore, if Mr. Ashcraft was wrongfully terminated for being a union member and not for Aurora violating the terms of the CBA, then it does not appear adjudication would require the Court to interpret any part of the CBA. As already stated, Mr. Ashcraft's claims must be preempted by section 301 of the LMRA in order to be removed to federal court, and if the dispute does involve an interpretation of the CBA, then section 301 does not apply. If section 301 does not apply, Aurora then does not have the ability to remove Mr. Ashcraft's cause of action to federal court. The Court believes the same line of reasoning applies to Mr. Ashcraft's harassment claim, and, therefore, it does not arise out of his union activities but instead out of contravention of the CBA.

As for Mr. Ashcraft's retaliation claim, the Court agrees with Aurora that it "arguably" arises from his union activities. In the complaint, Mr. Ashcraft says Aurora's harassment

constituted illegal retaliation for his "union activity." Mr. Ashcraft's claim seems to fall squarely within section 8(a)(1), which does not allow an employer to "interfere with, restrain, or coerce employees" from joining or participating in union activities. 29 U.S.C. § 158(a)(1). Because Mr. Ashcraft's claim against Aurora is one of an unfair labor practice, the Court "must yield to the judgment of the [NLRB]." *Garmon*, 359 U.S. at 244-245. Therefore, the Court cannot hear Mr. Ashcraft's retaliation claim, and it should be **DISMISSED**.

**B.     12(b)(6) Analysis**

To support its 12(b)(6) argument, Aurora states "[u]nder *Garmon*, for jurisdiction to be preempted, an alleged claim need only be 'arguably subject' to Sections 7 or 8 of the NLRA . . . [and] [a]ll three of [Mr. Ashcraft's] claims allege unfair labor practices under the NLRA." Therefore, "[Mr. Ashcraft] has failed to allege any claim for which this Court can grant relief, and this action should be dismissed. . . ." In *Garmon*, the Court was presented with the question of whether a state court had jurisdiction to hear and adjudicate a claim arising under sections 7 and 8 of the NLRA. *Garmon*, 359 U.S. at 241. The Court was not addressing a Rule 12(b)(6) issue but rather a subject matter issue. *See id*. at 246 (finding that the activity from which the claim arose arguably was within the compass of section 7 or 8 of the NLRA, thus taking away the state's jurisdiction to hear the dispute or award damages). Therefore, it appears Aurora's argument is not applicable to the case at hand.

The Court does, however, believe there is an argument to dismiss Mr. Ashcraft's claims based on section 301 of the LMRA. Aurora argues Mr. Ashcraft's claims are preempted by section 301 and such an inquiry is specifically reserved for the NLRB. While the Court agrees Mr. Ashcraft's wrongful termination and harassment claims are preempted by section 301, the

Court disagrees with Aurora's contention that the claims are specifically reserved for the NLRB. To the contrary, section 301 states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any *district court of the United States having jurisdiction of the parties*, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C.S. § 185(a) (emphasis added). Since the Court has already determined it has jurisdiction of the parties, Mr. Ashcraft's action under section 301 has properly been brought before the Court.

While the Court disagrees with Aurora's contention that the claims preempted by section 301 are specifically reserved for the NLRB, the Court still must consider whether Mr. Ashcraft may maintain an action under section 301. "An individual employee may bring suit against his employer for breach of a collective bargaining agreement." *McCarty v. Reynolds*, 883 F. Supp. 356, 362 (S.D. Ind. 1996) (citation omitted). The employee, however, "is required to attempt to exhaust the grievance and arbitration remedies provided in the CBA." *Id.* at 362-363 (citation omitted). Furthermore, "[a]n employee may bypass the grievance and arbitration procedures outlined in a CBA when the union 'acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation.'" *Id.* at 363 (citation omitted). Such a suit comprises a claim against the employer for violations of section 301 and a claim against the union for breach of the union's duty of fair representation. *Id.*

In this case, Mr. Ashcraft has alleged neither. Mr. Ashcraft's complaint does not allege that he attempted to exhaust the grievance remedies provided for in the CBA. Nor has Mr. Ashcraft alleged that the union breached its duty of fair representation. Having failed to exhaust those remedies, Mr. Ashcraft's claims stemming from the CBA must be **DISMISSED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Aurora's motion to dismiss (Dkt. 6).  Mr. Ashcraft's retaliation claim is **DISMISSED with prejudice**, as the proper forum to hear this claim is before the NLRB.  Mr. Ashcraft's wrongful termination and harassment claims are **DISMISSED without prejudice**, because Mr. Ashcraft has failed to allege he exhausted the required administrative processes. Mr. Ashcraft is granted leave until **Monday April 15, 2013**, to file an Amended Complaint.  However, if in fact, Mr. Ashcraft claims he was wrongfully terminated or harassed because of union activities and not just in contravention of the CBA, this Court is not the proper forum to pursue those claims.

**SO ORDERED.**

Date: 04/08/2013

_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Steven C. Coffaro
KEATING MUETHING & KLEKAMP
scoffaro@kmklaw.com

John L. Kellerman, II
KELLERMAN LAW OFFICE
kellerman@nalu.net